THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL MEANS EQUAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID S. FERRIERO, <br> in his official capacity as Archivist of the United States, <br><br> Defendant. | Civil Action No. 20-cv-10015-DJC |

## **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56, Plaintiffs respectfully request that summary judgment be entered in their favor. In support hereof, Plaintiffs submit an accompanying Statement of Undisputed Material Facts and Memorandum of Points and Authorities, and state as follows:

1. Plaintiffs file this motion now, before the Court rules on Defendant's Motion to Dismiss, in the interest of judicial economy, and because a motion for summary judgment was filed July 6, 2020, by defendant-intervenors in a similar case against the same Defendant. *Virginia et al. v. Ferriero*, 1:20-cv-242-RC (D.D.C. 2020) (Ex. A) ("DC case"). The summary judgment motion in the DC case was filed before any hearing on, or resolution of, Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6).

2. Plaintiffs in the DC case are Virginia, Illinois, and Nevada; three states that ratified the ERA after the challenged deadline expired. Each is represented by their respective attorney general. Neither Plaintiffs nor the Defendant has filed for summary judgment.

3. The intervenors who filed for summary judgment in the DC case are five states,

Alabama, Louisiana, Nebraska, South Dakota, and Tennessee, three of which purport to have rescinded their prior ERA ratifications, and two of which have never ratified the ERA. The DC court's order granting their motion to intervene expressly limited their role and stated they should "focus their briefs and arguments on their own unique defenses, rather than duplicating defenses and arguments that the Archivist raise[d] himself." (Ex. B at 10).

4. Intervenors claim in their summary judgment motion that they are unable to file any other pleading because they filed an answer with their motion to intervene. (Ex. A. at 13 n.2).

5. Neither Plaintiffs nor the Defendant in the DC case have moved to strike intervenors' motion for summary judgment. Plaintiffs filed an assented-to motion for extension of the deadline to file their response, which is now due August 19, 2020.

6. Plaintiffs submit their summary judgment motion now because intervenors' summary judgment motion in the DC case may affect the rights of all women, including Plaintiffs in this matter. These rights are not adequately represented by the government in the DC case. *See Idaho v. Freeman*, 625 F.2d 886 (9th Cir. 1980); *see Massachusetts v. Mellon*, 262 U.S. 447, 485–486 (1923).

Respectfully submitted,

For the Plaintiffs,

/s/ Wendy J. Murphy

WENDY J. MURPHY
B.B.O. # 550455
Women's and Children's Advocacy Project
Center for Law and Social Responsibility
New England Law | Boston
154 Stuart Street
Boston, MA 02116
Phone: (617) 422-7410
E-mail: wmurphy@nesl.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by the ECF filing system.

/s/ Wendy J. Murphy

Wendy J. Murphy

Dated:  July 20, 2020